J-S34039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN FREDERICK STOKES | |
| Appellant | No. 1154 MDA 2015 |

Appeal from the Judgment of Sentence April 27, 2015
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001030-2014

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 24, 2016**

Appellant Steven Frederick Stokes appeals from the judgment of sentence entered in the York County Court of Common Pleas following his jury trial conviction for delivery of a controlled substance - marijuana.[1]  After careful review, we affirm.

On October 23, 2013, Officer Kyle Pitts of the York City Police Department was conducting an undercover drug operation in the area of South Duke Street and East Boundry Avenue in York with the help of a confidential informant ("CI").  Officer Pitts searched the CI for contraband, provided him with $40.00 in marked bills, and observed him engage in a hand-to-hand drug transaction with Appellant.  The CI then returned to the

_____

[1] 35 P.S. § 780-113(a)(30).

vehicle and handed over a substance later determined to be marijuana.[2] The CI later identified Appellant by photo as the individual who sold him the marijuana.

Following a two-day trial, on March 20, 2015, a jury found Appellant guilty of delivery of a controlled substance – marijuana. On April 27, 2015, the trial court sentenced Appellant to 6 to 23 months' incarceration. On May 6, 2015, Appellant filed post-sentence motions, which the trial court denied on June 25, 2015. On July 2, 2015, Appellant filed a timely notice of appeal, and the trial court filed its Pa.R.A.P. 1925(a) opinion on October 20, 2015.

Appellant raises the following issues for our review:

1. Whether the [t]rial [c]ourt improperly found there was sufficient evidence to support the conviction for [d]elivery of [m]arijuana?

2. Whether the verdict was against the weight of the evidence?

Appellant's Brief, p. 4 (pagination supplied).

First, Appellant claims the evidence was insufficient to support his conviction. *See* Appellant's Brief, p. 8. Appellant claims Officer Pitts' testimony alone was insufficient to establish the elements of the crimes charged. *Id.* He is incorrect.

When examining a challenge to the sufficiency of evidence, this Court's standard of review is as follows:

_____

[2] At trial, Appellant and the Commonwealth stipulated the substance was 1.79 grams of marijuana.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa.Super.2014).

The Controlled Substance, Drug, Device and Cosmetic Act ("Drug Act")

provides, in pertinent part, as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

* * *

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State Board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). Likewise, the Drug Act defines "delivery" as

follows:

- 3 -

>    **"Deliver"** or **"delivery"** means the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship.

35 P.S. § 780-102.

Here, the trial court explained its rejection of Appellant's sufficiency of the evidence claim as follows:

>    From the facts [], which were presented to the jury by the Commonwealth, we believe the Commonwealth did supply sufficient evidence to the jury to convict the Appellant of [d]elivery of a [c]ontrolled [s]ubstance – [m]arijuana. The CI was searched before the operation and, being clean, was provided with forty dollars of the Commonwealth's funds. The CI met with an individual that the officer identified as the Appellant. The officer testified to an exchange between the CI and the Appellant of money for a plastic baggie. The CI returned to the vehicle and was found to have twenty dollars less than he began the operation with and [was] now in possession of a plastic baggie of what was later confirmed to be marijuana. The Commonwealth was careful to elicit testimony that the CI was never seen to make any exchange with anyone besides the Appellant and the Commonwealth went to great pains to show that at no point during the operation was the CI seen to pick anything up or fiddle amidst his clothing. Moreover, the officer had no information that the Appellant is licensed to deal in marijuana within our Commonwealth. In sum, the Commonwealth presented evidence that the Appellant was not licensed to deliver marijuana within the Commonwealth and yet did so for pecuniary gain.

1925(a) Opinion, p. 7.

Viewed in the light most favorable to the Commonwealth as verdict winner, the trial court properly concluded that the evidence was sufficient to convict Appellant of delivery of a controlled substance - marijuana.

Next, Appellant alleges the trial court erred by denying his post-sentence motion for a new trial based on the allegation that the guilty

verdicts were against the weight of the evidence. *See* Appellant's Brief, p. 9. Effectively, Appellant claims that the fact that the CI did not testify somehow renders the police officer's testimony unreliable and insufficient. *See id.*[3] We do not agree.

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

_____

[3] We note that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa.Super.2014), *appeal denied*, (Pa. Mar. 8, 2016).

***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[4] "such that right must be given another opportunity to prevail." ***Commonwealth v. Goodwine***, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. ***Widmer***, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. ***Id.***

---

[4] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

Simply stated, the jury's verdict in this matter illustrates that the jury found the officer's testimony regarding the hand-to-hand exchange credible. As the trial court aptly explained:

> It is true that there are certainly pieces of evidence which arguably undermine [the] Commonwealth's case; however, the test is not whether there is any evidence that goes against [the] Commonwealth's assertions. Rather, this [c]ourt is to examine whether the jury's verdict was so contrary to the evidence as to shock one's sense of justice. This [c]ourt's sense of justice was not shocked. We heard the same testimony as the jurors and were not shocked.

1925(a) Opinion, p. 3.

Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016